IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| **BARBIE VOEGTLE, individually and on behalf of I.G.T., a minor,** | |
| Plaintiffs, | |
| v. | CASE NO.: <br> JURY DEMANDED |
| **UNIVERSAL DEVELOPMENT & CONSTRUCTION, LLC, THE VILLAS AT KYKER FERRY, LLC, THE VILLAS AT KYKER FERRY SPE, LLC AND JULIE TSIOMAKIDIS,** | |
| Defendants. | |

## COMPLAINT

**COMES NOW** the plaintiff, Barbie Voegtle, individually, and on behalf of I.G.T., a minor, (hereinafter "Plaintiff"), and for her Complaint against Universal Development & Construction, LLC (hereinafter, "UDC"), The Villas at Kyker Ferry, LLC (hereinafter, "The Villas"), The Villas at Kyker Ferry SPE, LLC (hereinafter, "The Villas SPE"), and Julie Tsiomakidis (hereinafter, "Tsiomakidis") (hereinafter, collectively, "Defendants") avers as follows:

### I.     PARTIES

1.     Barbie Voegtle (hereinafter, "Ms. Voegtle") is a resident citizen of Sevier County, Tennessee. She has a disability and is otherwise handicapped/disabled within the meaning of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* and the Tennessee Human Rights

1

Act, Tenn. Code Ann. § 4-21-601, *et. seq*. in that Ms. Voegtle suffers from melatonin suppression, which substantially limits one or more of Ms. Voegtle's major life activities, including sleeping.

2. I.G.T. is the minor child of Ms. Voegtle and is therefore a protected 'associate' of Ms. Voegtle pursuant to the FHA and THRA.

3. Universal Development & Construction, LLC is a domestic, for-profit limited liability company organized pursuant to the laws of Tennessee. At all material times, UDC was engaged in the housing industry and was a housing provider pursuant to the FHA and THRA. UDC maintains its principal place of business in Johnson City, Tennessee. UDC may be served with process *via* its registered agent, Cogency Global Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

4. The Villas at Kyker Ferry, LLC is a domestic, for-profit limited liability company organized pursuant to the laws of Tennessee. At all material times, the Villas was engaged in the housing industry and was a housing provider pursuant to the FHA and THRA. The Villas maintains its principal place of business in Johnson City, Tennessee. The Villas may be served with process *via* its registered agent, Cogency Global Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

5. The Villas at Kyker Ferry SPE, LLC is a domestic, for-profit limited liability company organized pursuant to the laws of Tennessee. At all material times, the Villas SPE was engaged in the housing industry and was a housing provider pursuant to the FHA and THRA. The Villas SPE maintains its principal place of business in Johnson City, Tennessee. The Villas SPE may be served with process *via* its registered agent, Cogency Global Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205.

6. Julie Tsiomakidis, upon information and belief, is a resident citizen of Cocke County, Tennessee. At all material times, Tsiomakidis was a housing provider pursuant to the FHA and THRA. At all material times, Tsiomakidis served as property manager for UDC, The Villas, and The Villas SPE. Upon information and belief, Tsiomakidis may be served with process at 117 Lee Greenwood Way, Kodak, Tennessee 37764.

## II. JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, in that it is a civil rights action for violation of FHA.

8. The Court has supplemental jurisdiction over the remaining causes of action alleged in the Complaint pursuant to 28 U.S.C. § 1367, in that such claims are so related to the claim within such original jurisdiction of this Court that they form part of the same case or controversy.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in Sevier County, Tennessee.

## III. GENERAL ALLEGATIONS

10. Plaintiff re-alleges and incorporates by reference the averments of Paragraphs 1-9.

11. During her tenancy with Defendants, Ms. Voegtle installed blackout film on certain windows in her dwelling unit, at her own expense, to aid in the sleep deprivation she experienced because of her disability. Installing the film was medically necessary.

12. Defendants initially granted Ms. Voegtle's reasonable modification request to place the blackout film.

13. Management of Defendants later changed, and Defendants' new management revoked the previously granted reasonable modification.

14. Ms. Voegtle protested Defendants' revocation of the previously approved reasonable modification and reminded management that the blackout film was necessary to ameliorate the sleep deprivation she experienced because of her disability and re-requested Defendants grant the reasonable modification. Defendants refused.

15. After Defendants revoked Ms. Voegtle's reasonable modification, it offered to renew her lease.

16. In response, Ms. Voegtle stated that she wanted to renew her lease, but the lease needed to contain a provision allowing her to utilize the blackout film on the windows. Defendant refused.

17. Defendant's refusal was memorialized in writing and submitted to Ms. Voegtle by Tsiomakidis on September 6, 2022, *via* email.

18. Upon information and belief, Defendants permitted other, non-disabled tenants to have blackout film on their windows, whereas Defendants ripped Ms. Voegtle's blackout film off the windows of her apartment and threw it in the garbage.

19. Ms. Voegtle informed Tsiomakidis of this disparate treatment *via* email on September 6, 2022.

20. Because of Defendants' refusal to include a provision in the proposed lease that allowed for Ms. Voegtle's reasonable modification, her previous lease expired by its terms, and her tenancy was converted to month-to-month. As a result, Ms. Voegtle incurred additional rental charges that she would not have incurred but for Defendants' illegal refusal to grant her reasonable modification request.

21. To determine whether Defendants were discriminating against her, Ms. Voegtle contacted a UDC corporate employee who told her that the rules for all its apartment complexes were the same and encouraged Ms. Voegtle to visit another UDC property and inquire about the rules from a member of management.

22. Ms. Voegtle followed the instruction and spoke with another UDC manager who told Ms. Voegtle that window clings were approved without medical documentation so long as the outside is white and covers the entire window - which is the same as what Ms. Voegtle had installed.

23. On November 20, 2022, Defendants having failed to grant Ms. Voegtle's reasonable modification request and having failed to send requested forms to Ms. Voegtle's medical provider to establish the medical necessity of her request, Ms. Voegtle demanded Defendants resolve the situation not later than November 30, 2022, "without involving attorneys".

24. In response, on November 22, 2022, Defendants retaliated against Plaintiff by informing Ms. Voegtle that it would not further continue her tenancy. The notice stated that Ms. Voegtle's tenancy was terminated effective December 31, 2022.

## **FIRST CLAIM FOR RELIEF**

<u>Disability Discrimination and Failure to Provide Reasonable Modification</u>:
*(Fair Housing Act (Title VIII of the Civil Rights Act of 1968) ("FHA"), 42 U.S.C. § 3601, et. seq. and Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-601, et. seq.)*

25. Plaintiff re-alleges and incorporates by reference the averments of Paragraphs 1-24.

26. Plaintiff suffers from disabilities within the meaning of the FHA and THRA and/or otherwise resided with or was associated with an individual with disabilities within the meaning of the FHA and THRA.

27. Defendants knew or reasonably should have known of Plaintiff's disabilities based upon communications with Defendants including requesting a reasonable modification of its housing practices.

28. Plaintiff requested a modification that was necessary to afford Plaintiff an equal opportunity to use and enjoy the dwelling.

29. The requested modification was reasonable.

30. Defendants refused to make the requested modification.

31. The foregoing acts of Defendants constitute a violation of the FHA and THRA.

32. The foregoing acts of Defendants amount to discrimination on the basis of handicap pursuant to the Fair Housing Act, 42 U.S.C. § 3604(f)(1)(A-C), (f)(2)(A-C), and (f)(3)(B).

33. As a direct and proximate result of the foregoing violations of the FHA and THRA by Defendants, Plaintiff has suffered injuries and damages and is entitled to the relief set forth more fully herein.

## SECOND CLAIM FOR RELIEF

Retaliation:
*(Fair Housing Act (Title VIII of the Civil Rights Act of 1968) ("FHA"), 42 U.S.C. § 3601, et. seq. and Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-601, et. seq.)*

34. Plaintiff re-alleges and incorporates by reference the averments of Paragraphs 1-33.

35. Plaintiff engaged in protected activity pursuant to the FHA and THRA.

36. Defendants knew Plaintiff had engaged in such protected activity.

37. Defendants took adverse action against Plaintiff as a direct and proximate result of Plaintiff engaging in protected activity.

38. The foregoing acts of Defendants constitute a violation of the FHA and THRA.

39. As a direct and proximate result of Defendants' retaliation against Plaintiff for exercising her FHA rights, Plaintiff has suffered injuries and damages and is entitled to the relief set forth more fully herein.

## DAMAGES

40. Defendants' violations of the FHA and THRA have caused Plaintiff to suffer mental and emotional damages and deprivation of housing. Therefore, Plaintiff seeks an award of compensatory damages.

41. Defendants' violations of the FHA and THRA were intentional, malicious, and/or reckless, with a conscious disregard for Plaintiffs' federally protected housing rights. Therefore, Plaintiff seeks an award of punitive damages.

42. Plaintiff is further entitled to and seeks recovery of reasonable attorney's fees and costs pursuant to the FHA and THRA.

43. Plaintiff further seeks an award of pre- and post-judgment interest as permitted by law.

**WHEREFORE**, Plaintiff prays to the Court for the following relief:

a) Judgment be entered against Defendants jointly and severally in an amount not less than **$100,000.00** in compensatory damages;

b) Judgment be entered against Defendants jointly and severally in an amount not less than **$300,000.00** in punitive damages;

c) Award of Plaintiff's reasonable attorney's fees and costs incurred in bringing this action;

d) Award of pre- and post-judgment interest; and

e) Any further relief the Court deems just and proper.

*Respectfully submitted this 28th day of August 2023.*

**BARBIE VOEGTLE, individually and behalf of I.G.T, a minor**

By: /s/ *James Friauf*
James W. Friauf (#027238)
LAW OFFICE OF JAMES W. FRIAUF
9111 Cross Park Dr., D200
Knoxville, TN 37923
Tele: (865) 236-0347
Email: james@friauflaw.com
Our File No.: 23-005-CIV

*Attorney for Plaintiff Barbie Voegtle, individually, and on behalf of I.G.T., a minor*