# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| BARBIE VOEGTLE, individually and on behalf of I.G.T., a minor, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No.: 3:23-cv-00309 ) |
| UNIVERSAL DEVELOPMENT &; CONSTRUCTION, LLC, THE VILLAS AT KYKER FERRY, LLC, THE VILLAS AT KYKER FERRY SPE, LLC, and JULIE TSIOMAKIDIS, | ) ) ) ) ) ) ) |
| Defendants. | ) |

## UNIVERSAL DEVELOPMENT & CONSTRUCTION, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Universal Development & Construction, LLC ("UDC" or "Defendant") files this Answer and Affirmative Defenses to Plaintiff's Complaint and states as follows:

## **PARTIES**

1. The allegation that Plaintiff is handicapped/disabled within the meaning of the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* and the Tennessee Human Rights Act, Tenn. Code Ann. §4-21-601, *et seq.* calls for a legal conclusion and does not warrant a response. To the extent such a response is required, UDC denies the same. UDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and therefore, those allegations are denied.

2. The allegations that I.G.T. is a protected 'associate' of Plaintiff pursuant to the FHA and THRA calls for a legal conclusion and does not warrant a response. To the extent such a response

1

4865-6728-8464v2
2960618-000011 11/21/2023
Case 3:23-cv-00309-TRM-JEM   Document 13   Filed 11/21/23   Page 1 of 9   PageID #: 36

is required, UDC denies the same. UDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint, and therefore, those allegations are denied.

3. UDC admits the allegations of Paragraph 3 of the Complaint.

4. UDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint, and therefore, those allegations are denied.

5. UDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, and therefore, those allegations are denied.

6. UDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint, and therefore, those allegations are denied.

## JURISDICTION AND VENUE

7. UDC admits jurisdiction is proper with this Court but denies all acts alleged by Plaintiff upon which this lawsuit is based.

8. UDC admits jurisdiction over the remaining causes of action is proper with this Court but denies all acts alleged by Plaintiff upon which this lawsuit is based.

9. UDC admits that venue is proper with this Court but denies all acts alleged by Plaintiff upon which this lawsuit is based.

## GENERAL ALLEGATIONS

10. UDC adopts and incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

11. UDC admits that blackout firm was installed on certain windows in Plaintiff's dwelling unit. UDC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 11, and therefore, those allegations are denied.

2

4865-6728-8464v2
2960618-000011 11/21/2023
Case 3:23-cv-00309-TRM-JEM   Document 13   Filed 11/21/23   Page 2 of 9   PageID #: 37

12. UDC denies that Plaintiff requested a reasonable accommodation to place blackout film on her windows. UDC denies the remaining allegations of Paragraph 12 of the Complaint.

13. UDC denies that Plaintiff requested a reasonable accommodation to place blackout film on her windows, and therefore UDC did not and could revoke any such reasonable accommodation request. UDC denies the remaining allegations of Paragraph 13 of the Complaint.

14. UDC denies that it revoked any previous request for a reasonable accommodation and denies that Plaintiff ever made a reasonable accommodation request. UDC admits that on or about October 6, 2022, Plaintiff requested she be permitted to have window tinting on the windows of her dwelling unit. UDC granted Plaintiff's request for window tinting on the windows of her dwelling unit, but denies that it granted the request based on any disability. UDC denies the remaining allegations of Paragraph 14 of the Complaint.

15. UDC denies that it revoked Plaintiff's reasonable modification. UDC avers that it granted Plaintiff's October 6, 2022 request for window tinting on the windows of her dwelling unit. UDC admits that it offered to renew Plaintiff's lease. UDC denies the remaining allegations of Paragraph 15 of the Complaint.

16. UDC admits that Plaintiff revised UDC's standard lease agreement. UDC admits that it declined to accept any of Plaintiff's revisions to its standard lease agreement. UDC denies any implication or allegation that UDC declined to accept Plaintiff's revisions because of Plaintiff's disability or request for window tinting. UDC denies the remaining allegations of Paragraph 16 of the Complaint.

17. UDC admits that Plaintiff revised UDC's standard lease agreement. UDC admits that Plaintiff transmitted her revisions to the lease agreement to Julie Tsiomakidis. UDC admits that it declined to accept any of Plaintiff's revisions to its standard lease agreement. UDC denies any

implication or allegation that UDC declined to accept Plaintiff's revisions because of Plaintiff's disability or request for window tinting. UDC denies the remaining allegations of Paragraph 17 of the Complaint.

18. UDC denies the allegations of Paragraph 18 of the Complaint.

19. UDC denies the allegations of Paragraph 19 of the Complaint.

20. UDC admits that Plaintiff's tenancy was converted to month-to-month because Plaintiff refused to sign UDC's standard lease agreement. UDC denies the remaining allegations of Paragraph 20 of the Complaint.

21. UDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint, and therefore, those allegations are denied.

22. UDC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore, those allegations are denied.

23. UDC avers that it granted Plaintiff's request for window tinting on the windows of her dwelling unit, but denies that it granted the request based on any disability. UDC denies the remaining allegations of Paragraph 23 of the Complaint.

24. UDC admits that it terminated Plaintiff's month-to-month tenancy with UDC because Plaintiff refused to sign UDC's standard lease agreement. UDC denies the remaining allegations of Paragraph 24 of the Complaint.

## FIRST CLAIM FOR RELIEF

25. UDC adopts and incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

26. The allegations set forth in Paragraph 26 of the Complaint call for a legal conclusion and do not warrant a response. To the extent such a response is required, UDC denies the same.

4

4865-6728-8464v2
2960618-000011 11/21/2023
Case 3:23-cv-00309-TRM-JEM   Document 13   Filed 11/21/23   Page 4 of 9   PageID #: 39

27. The allegations set forth in Paragraph 27 of the Complaint call for a legal conclusion and do not warrant a response. To the extent such a response is required, UDC denies the same.

28. UDC denies the allegations of Paragraph 28 of the Complaint.

29. UDC denies the allegations of Paragraph 29 of the Complaint.

30. UDC denies the allegations of Paragraph 30 of the Complaint.

31. UDC denies the allegations of Paragraph 31 of the Complaint.

32. UDC denies the allegations of Paragraph 32 of the Complaint.

33. UDC denies the allegations of Paragraph 33 of the Complaint.

## SECOND CLAIM FOR RELIEF

34. UDC adopts and incorporates by reference its responses to the preceding paragraphs of the Complaint as if fully set forth herein.

35. UDC denies the allegations of Paragraph 35 of the Complaint.

36. UDC denies the allegations of Paragraph 36 of the Complaint.

37. UDC denies the allegations of Paragraph 37 of the Complaint.

38. UDC denies the allegations of Paragraph 38 of the Complaint.

39. UDC denies the allegations of Paragraph 39 of the Complaint.

## DAMAGES

40. UDC admits Plaintiff is seeking an award of compensatory damages but denies UDC is liable to Plaintiff for that, or any, amount. UDC denies the remaining allegations of Paragraph 40 of the Complaint.

41. UDC admits that Plaintiff is seeking an award of punitive damages but denies UDC is liable to Plaintiff for that, or any, amount. UDC denies the remaining allegations of Paragraph 41 of the Complaint.

42. UDC admits that Plaintiff is seeking recovery of attorney's fees and costs but denies UDC is liable to Plaintiff for that, or any, amount. UDC denies the remaining allegations of Paragraph 42 of the Complaint.

43. UDC admits that Plaintiff is seeking an award of pre- and post- judgment interest but denies UDC is liable to Plaintiff for that, or any, amount. UDC denies the remaining allegations of Paragraph 43 of the Complaint.

## RELIEF SOUGHT

44. In response to Plaintiffs' assertions that are contained within the numbered paragraphs (a) through (e) in prayer for relief, UDC denies the allegations therein and further denies that it is liable to Plaintiff for the relief requested and/or any relief or damages of any kind for the claims alleged in the Complaint.

45. Except where specifically admitted, UDC denies each and every assertion and cause of action in the Complaint. Defendant also denies that Plaintiff sustained damages in sum or sums alleged, or at all.

## AFFIRMATIVE DEFENSES

Now having fully answered, pursuant to the Tennessee Rules of Civil Procedure, UDC hereby pleads its affirmative defenses in this action:

1. The Complaint fails to state a claim upon which relief may be granted.

2. UDC has acted at all times in good faith, in belief of its compliance with all applicable laws.

3. Plaintiff has not been denied any access to the benefits, accommodations, and services offered by UDC.

4. UDC did not commit any act or omission with willful, malicious, or reckless disregard for Plaintiff's rights.

5. UDC granted Plaintiff's request by permitting Plaintiff to window tint the windows in her dwelling unit.

6. UDC terminated Plaintiff's tenancy because Plaintiff failed to renew her lease agreement.

7. Plaintiff's claims are limited to the extent she seeks remedies beyond those that she would be entitled to receive under the statutory provisions at issue.

8. Plaintiff's Complaint, and each cause of action therein, is barred, in whole or in part, by the equitable doctrines of laches, unclean hands, and estoppel and/or res judicata.

9. UDC committed no act or omission with the intent to cause harm, injury, or other damage to Plaintiff.

10. Plaintiff is not a qualified individual with a disability.

11. Some or all of Plaintiff's claims fall outside the scope of any charge filed with or investigation undertaken by the Tennessee Human Rights Agency and therefore have not been administratively exhausted.

12. The criteria under federal law for determining whether, and in what amount, punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent. An award of punitive damages based upon those criteria would violate the due process provisions of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

13. UDC gives notice that it intends to rely upon any other defenses as may become apparent or available during discovery in the above captioned lawsuit and hereby reserves the right to amend its Answer to assert such defenses.

WHEREFORE, Defendant requests that the Court:

1. Enter judgment in the Defendants favor and against Plaintiff;

2. Dismiss the Complaint against Defendant with prejudice and deny all relief Plaintiff seeks therein;

3. Award Defendant its reasonable attorneys' fees and costs;

4. Tax all costs to Plaintiff; and

5. Award Defendant such other and general relief as the Court deems just and proper.

DATED: November 21, 2023

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ *Catherine A. Karczmarczyk*
Catherine A. Karczmarczyk (TN BPR No. 033380)
602 Sevier Street, Suite 300
Johnson City, Tennessee 37604
Tel: 423.928.0181
Fax: 423.928.5694
Email: ckarczmarczyk@bakerdonelson.com

*Attorney for Universal Development & Construction, LLC, The Villas at Kyker Ferry, LLC, and The Villas at Kyker Ferry SPE, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2023, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

/s/ *Catherine A. Karczmarczyk*
Attorney

9

4865-6728-8464v2
2960618-000011 11/21/2023
Case 3:23-cv-00309-TRM-JEM   Document 13   Filed 11/21/23   Page 9 of 9   PageID #: 44